UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL GREEN,

        Plaintiff,

-vs-

No. 12-14003
District Judge Sean F. Cox
Magistrate Judge R. Steven Whalen

MICHAEL LENNOX, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On September 11, 2012, Plaintiff Virgil Green, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Before the Court is a Motion to Dismiss or in the Alternative for Summary Judgment [Doc. #10] filed by Defendants Michael Lennox and Richard Kast, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendants' Motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

### I.   FACTS

During the time of the events alleged in his complaint, Plaintiff was an inmate housed at the MDOC's Gus Harrison Correctional Facility in Adrian, Michigan. *Complaint* [Doc. #1], ¶ 4. Defendant Lennox was a housing unit officer, and Defendant Kast was a second shift sergeant. *Id*. ¶¶ 5,6. Plaintiff alleges that on June 3, 2012, he filed a grievance against Lennox for "unprofessional verbal abusive language." *Id*. ¶ 9. He alleges that on July 21, 2012, another inmate used a paper clip to change the channel on a television. Lennox called the Plaintiff to the Officers' Desk and accused him of breaking the television. *Id*. ¶¶ 15-18. Lennox wrote Plaintiff a misconduct ticket for

-1-

"destruction or misuse of property," and said, "That's what happens when you make complaints." *Id*. ¶¶ 20-22. Plaintiff alleges that Defendant Kast conspired with Lennox with regard to the misconduct charge. *Id*. ¶¶ 23-24. On July 24, 2012, an administrative misconduct hearing was held, at which Plaintiff was found guilty. *Id*. ¶ 35.

Plaintiff brings claims of retaliation and conspiracy under § 1983, as well as state law claims of retaliation and gross negligence.

In their motion, Defendants Lennox and Kast argue that Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Attached to their motion as Exhibit B are six Step III grievances filed by Plaintiff. Three, including one against Defendant Kast, were still pending when Plaintiff filed his complaint. Neither Kast nor Lennox were named at Step I of the other three grievances.

## II. STANDARD OF REVIEW

### A. Fed.R.Civ.P. 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic*

*Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

### B. Exhaustion

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.  Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### III. DISCUSSION

Plaintiff has failed to properly exhaust his administrative remedies as to either Defendant Kast of Lennox.  As to Kast, the Defendants' Exhibit B shows that the

grievance against Kast was still pending when the complaint was filed. A prisoner must complete the administrative process *before* filing a lawsuit in federal court. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). A prisoner is not permitted to exhaust administrative remedies while his federal suit is pending. *Larkins v. Wilkinson,* 1998 WL 898870, at *2 (6th Cir. Dec.17, 1998) (unpublished) (dismissing plaintiff's complaint where his "attempt to exhaust his available administrative remedies only after filing suit in federal court ignores the clear mandate of § 1997e(a) which requires exhaustion ... prior to filing suit in federal court."). Indeed, Plaintiff concedes that he has failed to properly exhaust as to Kast, and "voluntarily agrees that Defendant Kast should be dismissed from the Complaint." *Plaintiff's Affidavit in Response to Motion for Summary Judgment* [Doc. #12], ¶¶ 8-9.

      Plaintiff also "concedes to not exhausting any claims against Defendant Lennox through the step-I grievance procedure." *Id*. ¶ 11. However, he claims in effect that exhaustion would be futile because "MDOC officials have consistently rejected appeals at Step-II and Step-III, on claims of retaliatory misconducts as being "NON-GRIEVABLE" issues, stating that this type of claim is properly exhausted during the misconduct hearing stage." *Id*. ¶ 16. Plaintiff has cited no law in support of this proposition. The Defendants, however, have submitted as Exhibit A to their Reply Brief [Doc. #13] the Sixth Circuit's Order of Dismissal in *Anthony v. Ranger*, No. 11-2199 (June 19, 2012). In *Anthony*, the inmate made the identical argument that Plaintiff raises here, that his claim of a retaliatory misconduct ticket was not grievable under MDOC Policy Directive 03.02.130. However, the Sixth Circuit rejected this argument, stating:

> "However, this policy would not bar his grievance, because he is challenging Williams' decision to file a misconduct report rather than a decision made by a hearing officer finding him guilty....Therefore, P.D. 03.02.130 provides no valid excuse for Anthony's failure to follow the

procedures available to him under MDOC's grievance policy to exhaust his remedies. Consequently, his claims against Williams regarding her misconduct reports are unexhausted, *see Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011), and we will not consider his claim against that defendant."

Thus, Plaintiff has not exhausted his administrative remedies as to Defendant Lennox.

Ordinarily, a dismissal for failure to exhaust is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)). However, §1997e(c)(2) provides that a court may dismiss a claim on the merits without requiring exhaustion. *See Clark v. Caruso* 2010 WL 746417, *10 (E.D.Mich. 2010)(Borman, J.), citing *Thomas v. Brockbank,* 195 Fed. Appx. 804, 808-09 (10th Cir.2006); *Bowen v. Cady,* No. 09-10414, 2010 WL 148843, at *1, *3 n. 2 (E.D.Mich. Jan.13, 2010) (Cohn, J., adopting Report of Komives, M.J.); *Carr v. Tousley,* No. CV-06-0125, 2009 WL 1514661, at *16 (D.Idaho May 27, 2009).

At ¶ 35 of his complaint, Plaintiff concedes that he was found guilty of the misconduct that he claims was retaliatory. As the Sixth Circuit stated in *Burton v. Rowley*, 234 F.3d 1267 (Table), 2000 WL 1679463, *2 -3 (6th Cir. 2000), "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *(Quoting Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994)). *Accord Patterson v. Godward*, 505 Fed.Appx. 424, 2012 WL 5477102 (6th Cir. 2012); *Jackson v. Madery*, 158 Fed.Appx. 656, 2005 WL 3077136 (6th Cir. 2005)(both citing *Henderson*). The same reasoning would apply to Plaintiff's ersatz state law claims of retaliation and "gross negligence."[2]

---

[2] The relevant Michigan statute, M.C.L. 691.1407(2), provides immunity to state actors from tort liability unless their actions are "grossly negligent." It does not create a cause of action separate from an underlying § 1983 claim. *See Van Vorous v. Burmeister,*

-6-

Because Plaintiff has failed to state a plausible retaliation claim against either Kast or Lennox, his complaint should be dismissed with prejudice, notwithstanding his failure to exhaust.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [Doc. #10] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

---

262 Mich.App. 467, 483, 687 N.W.2d 132 (2004) (rejecting plaintiff's claim of "gross negligence" as a cause of action where the claim "is fully premised on her claim of excessive force"); *Livermore v. Lubelan,* 476 F.3d 397, 408 (6th Cir.2007) (noting that "Michigan courts have consistently 'rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence' ") (quoting *VanVorous* ).

pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 28, 2013                s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 28, 2013, electronically and/or by U.S. mail.

                                      s/Michael Williams
                                      Case Manager to the
                                      Honorable R. Steven Whalen